[No. 2447.  Decided February 6, 1897.]

THE STATE OF WASHINGTON, *on the Relation of H. C. Taylor, Appellant, v. J. W. MAPLE, Treasurer of King County, Respondent.*

TAX SALES — FORFEITURE TO COUNTY — REDEMPTION — WHEN TIME
BEGINS TO RUN.

Under the revenue law of 1893 (Laws 1893, p. 370, § 105 *et seq.*,) where land has been forfeited to the county for want of a bidder at the sale for delinquent taxes, and a certificate of sale of such land is subsequently issued to an applicant, the period allowed for redemption begins to run from the date of issuance of the certificate and not from the date of forfeiture.

Appeal from Superior Court, King County.—Hon.
RICHARD OSBORN, Judge.   Affirmed.

*Brinker, Jones & Richards*, for appellant.
*A. W. Hastie*, and *W. W. Wilshire*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Application was made by the relator
for a writ of mandamus to compel the respondent, as
treasurer of King county, to issue a tax deed to the
relator for real estate in the city of Seattle.   In 1891
a tax was duly assessed and levied upon the property,
and was not paid, and became delinquent.   There-
after, on the 9th day of June, 1894, the property was
sold for the payment of the delinquent taxes, under
judgment of the superior court, and, there being no
bidder at the tax sale, the property was duly forfeited
to King county.   On the 2d day of March, 1895, the
relator applied to the county treasurer to purchase the
rights of the county in the property forfeited, and paid
to the treasurer the amount due for taxes, together
with penalty, interest and costs, and all taxes there-
tofore forfeited, and which were a lien upon the
property, and the treasurer issued to the relator his
certificate of purchase of the real estate.   This certifi-
cate contained the provision that the holder thereof
should be entitled to a deed of the land at any time
after two years from the date of the tax sale.   The
property has not been redeemed.   After giving due
notice to the owners of the property and the persons
in possession that the time of redemption would ex-
pire on the 9th day of June, 1896, and that he would
thereafter apply for a deed to the property, and there
being no redemption, the relator filed the proof of the
notice with the treasurer; and afterwards, on the 17th

of June, 1896, the relator duly demanded of the respondent, as treasurer, that the deed to the real estate issue to him.   The respondent refused to comply with the demand on the ground that the time of redemption had not expired.   An alternative writ of mandate was issued to the respondent, who appeared and demurred to the petition, setting up the facts as above related, on the ground that "it did not state facts sufficient to entitle said relator to relief by a writ of mandamus, or to any equitable relief whatsoever, and that said petition did not state facts sufficient to constitute a cause for said proceeding, or for any action or proceeding against the above-named respondent."   On the trial the superior court sustained the demurrer and dismissed the action.

The single vital question presented for our consideration is whether the time of redemption commenced to run at the date of the tax sale, which took place on June 9, 1894, or from the date of the certificate of purchase issued by the county treasurer to the relator, on the 2d day of March, 1895.   In arriving at a correct construction of the revenue laws of 1893, under which this controversy arises, we have but little aid from the cases cited in the briefs, as they all arose upon statutes unlike ours.   As maintained by counsel for the relator, the statute of Kansas seems to be more nearly similar to ours than any other we have examined.   That statute provides, in two sections, as follows :

"Sec. 6327.   If any parcel of land cannot be sold for the amount of taxes and charges thereon, it shall be bid off by the county treasurer in the name of the county for such amount."

"Sec. 6330.   When any land or town lots shall, at any tax sale, be bid of by the county treasurer for the county, it shall be the duty of the county treasurer to enter the same on the book of tax sales in the same

manner as though such land or town lots were sold to other purchasers and he shall number each tract or town lots, as though they were sold to other purchasers, and he shall number such tract of land or town lots consecutively, in like manner as though a certificate of sale had been made; but no certificate of sale shall be made except as follows : Whenever any person shall pay into the county treasury a sum of money equal to cost of redemption at that time, of any such tract of land or town lot, the county treasurer shall give such person a certificate, dated the day when it is issued, describing the land or town lots bid off for the county, the amount for which it was so bid off, the amount paid into the county treasurer by such person for such tract of land or town lot, the time when the owner of such certificate will be entitled to a deed, and shall number such certificate to correspond with the number of the tract of land or town lot, as numbered in the book of tax sales, which certificate, before it shall be of any validity, shall be assigned to such person by the county clerk, who shall make an assignment on his duplicate book of tax sales; and such certificate, so assigned by the county clerk, shall vest all the interest of the county in or to such land or town lot, in such person, and such certificate shall be assignable to the same extent and in like manner as certificates given to purchasers at tax sale." Comp. Laws Kan. 1885.

Construing this statute, the supreme court of Kansas says, in *Doudna v. Harlan,* 45 Kan. 484 (25 Pac. 883):

"The plaintiffs next complain that 'the court erred in finding that the bidding off of the lots in controversy by Labette county was a sale.' The contention of the plaintiff is that, when the county bids off property at a tax sale, it does not become a purchaser, but simply bids off the property, and holds it until some one pays the taxes and penalties thereon, and takes an assignment of the bid from the county; and that in such case there is no sale of the property until it is assigned by the county to the party paying the county

28—16 WASH.

the taxes, penalties, and costs thereon. We do not think this position is tenable. There is but one sale mentioned in the statute, and that very clearly refers to the bidding off of the property at the time it is advertised to be sold for the taxes. Nor do we think it any less a sale, because it is bid off by the treasurer for the county, than when bid off by some person for himself or some other individual. The 'bidding off' of the property by the treasurer in the name of the county and for the county, has been constantly treated as a sale by the bench and bar of the state. If the county is not a purchaser when property is so bid off, who is the owner in the meantime? The former owner has lost his title except so far as he has the right of redemption. No third party has obtained any interest therein as yet, and there must be some person, natural or artificial, in whom the ownership of the property rests. Besides, if the county has obtained no interest in the property bid off, how can it transfer by assignment any interest therein? We think the county becomes a purchaser at the tax sale, when, in the absence of other bids equal in amount to the taxes, penalties, and costs against the property, the treasurer bids the property off in the name of the county, and that the redemption period commences to run from the date thereof."

Section 105, Laws 1893, p. 370, provides for the entry of judgment by the superior court for delinquent taxes, and an order of sale thereunder. In the following, sections due notice and other requirements for the sale are provided for: Section 109 provides that all sales shall be publicly conducted. Sections 110–112 provide for the certificate of the county treasurer to the county clerk, and an entry of all tracts or lots forfeited to the county and sold in the tax-judgment sale, redemption, and forfeiture record required to be kept in the office of the county clerk. Section 113 provides that the county treasurer shall attend at the

place of sale and make the sales; that he shall offer for sale separately, and in consecutive order, each tract of land, etc., upon which the taxes have not been paid. Section 114 is as follows:

"The person at such sale offering to pay the amount due on each tract or lot for the least quantity thereof, shall be the purchaser of such quantity, which shall be taken from the east side of such tract or lot. In determining such piece or parcel of such tract or lot, a line is to be drawn due north and south, far enough west of eastern point of tract, to make the requisite quantity."

Section 115 is as follows:

"Every tract or lot so offered at public sale, and not sold for want of bidders, shall be forfeited to the county in which such property is situated, and in which such sale is made: provided however, that whenever the superior court and county treasurer shall certify that the taxes, penalties, interest and costs on forfeited lands equals or exceeds the actual value of such lands, the officer directed by law to expose for sale lands for delinquent taxes shall, upon receipt of such certificate, offer for sale to the highest bidder the tract or lands in such certificate described, after first giving ten days' notice by advertising, in some paper of general circulation in his county, the time and place of sale, together with the description of the tracts or lands so to be offered. . . ."

Section 121 provides:

"Real property sold under the provisions of this act may be redeemed at any time before the expiration of two years from the date of sale by payment, in legal money of the United States, to the county treasurer of the proper county the amount for which the same was sold, together with 20 per cent. interest thereon from the date of sale until payment. The person redeeming such property shall also pay the amount of all taxes, assessments, penalties, interest

and costs accruing after such sale, with 20 per cent. interest thereon from the day the same were due until paid, unless such subsequent taxes or assessments, penalties, interest or costs has been paid by or on behalf of the person for whose benefit the redemption is made, and not being purchaser at the tax sale, or his assignee.   . . . ."

Section 122 is as follows:

" If any purchaser of real estate sold for taxes or assessments shall suffer the same to be forfeited to the county or sold again for taxes before the expiration of the last day of the second annual sale thereafter, such purchaser shall not be entitled to a deed for such real property until the expiration of a like term from the date of the second sale or forfeiture, during which time the land shall be subject to redemption upon the terms and conditions prescribed in this act; but the person redeeming shall only be required to pay, for the use of such first purchaser, the amount paid by him.   The second purchaser, if any, shall be entitled to the redemption money as provided for in the preceding section.   . . . ."

Section 134 is as follows:

" If any person shall desire to redeem, or purchase, any tract of land or lot forfeited to the county, he shall apply to the county treasurer who shall receive from such person the amount due on said tract or lot, together with the penalty, interest and costs on all taxes heretofore forfeited, and shall give such person a duplicate receipt therefor, setting forth a description of the property and the amount received, which receipt shall be evidence of the redemption or sale of the property therein described, as the case may be.   In case of sales the county treasurer shall make the receipt in the form of a certificate of purchase, in the same manner as though said property had been bid off at the regular sale for delinquent taxes.   Property purchased under this section shall be subject to redemption notice, etc., as if sold at regular public tax sale."

Section 135 provides, in substance, that the treasurer shall each year enter against each tract of land sold for taxes and remaining unredeemed, and on each tract of land or lot theretofore forfeited to the county for unpaid taxes, in columns for that purpose, the year for which said lots or tracts were sold or unpaid, and he is authorized to advertise and sell said property on which said taxes become delinquent in the manner hereinbefore required, as if said property had never been sold or forfeited to the county; "and the county may by its agent attend such sale for taxes and buy said lands and acquire the same rights that individuals now have under the law; and acquire, hold, sell and dispose of said title thereto the same as and in the same manner as individuals may do under the laws of this state, in case of sale for taxes." Construing these sections together, so as to give proper effect to each of them and to the intention of the legislature, it is apparent that the first sale under the judgment of the superior court is a public sale, and that the first offer at such sale, by the treasurer, of a tract of land, is to the bidder who will take the least quantity and pay the taxes, interest, costs and penalty. If there is no such bidder, the land is declared to be forfeited to the county under § 115. The proviso in this section, however, seems to indicate that if the superior court and county treasurer shall conclude that the land forfeited to the county is not worth more than the taxes, with the accruing penalties, etc., it shall be sold for delinquent taxes to the highest bidder for the whole tract, in a different manner from the first sale, where they were first offered. Section 135 directs a sale, in years following the first sale made under the judgment of the court, of the lands which were first sold, and upon which the taxes have been subsequently un-

paid by the purchaser, or the lands forfeited to the county, and at such sale the county may, by its agent, purchase as an individual, with all the rights to the land which may be acquired by an individual. Evidently the forfeiture to the county cannot be a sale, in the sense in which that term is used in the first public sale of real estate for delinquent taxes. It is also further provided in the act under consideration that if a purchaser at the public sale shall permit the subsequent taxes which accrue for two years to remain unpaid, and a second sale is made, the first purchaser shall not receive a deed for two years thereafter, or four years from his first purchase, and that during this whole period the owner of the land may redeem. The right of redemption given by this statute is two years from the date of sale. In the case under consideration the date of sale is the day on which the certificate of the county treasurer shall issue to the relator. By the Kansas statute above cited, the county treasurer is expressly made the agent of the county, and is authorized and directed expressly to bid in the land for and on behalf of the county. By our statute, provision is made for the land being bid in for and on behalf of the county by its agent, whereby the county shall become the purchaser. This is the only method provided for purchase by the county, and its application is restricted to cases of sales of lands theretofore forfeited to the county, and to sales taking place subsequently to a previous forfeiture or public sale; and in such case the treasurer is not expressly or by implication constituted such agent, or authorized to make such bid for and on behalf of the county, but another agent is designated. The form of the certificate to the purchaser of the forfeited land is provided in § 134. It does not make such sale take effect by rela-

tion to the time of forfeiture. The right of the owner to redemption is from the date of sale, and not from the forfeiture. The time to redeem from the forfeiture is indefinite, and runs until the county has made a sale.

The judgment is affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.